ArAO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

JOHNMICHAEL SANTIAGO,

Defendants.

Case No. 22-MJ- 4059

## CRIMINAL COMPLAINT

I, **SETH A. CARR**, the complainant in this case, state that the following is true to the best of my knowledge and belief.

The defendant, on or about September 5, 2020, in the City of Rochester, County of Monroe, Western District of New York, knowingly and intentionally obstructed, impeded and interfered with law enforcement officers who were engaged in the lawful performance of their official duties, by throwing a lit mortar-style, commercial firework toward uniformed RPD officers and that these actions occurred during a civil disorder that obstructed, delayed and adversely affected interstate commerce, in violation of Title 18, United States Code, Section 231(a)(3).

This Criminal Complaint is based on these facts:

SEE ATTACHED AFFIDAVIT OF SETH A. CARR, TFO, FBI

☒ Continued on the attached sheet.

*Complainant's signature*

SETH A. CARR, TFO, FBI
*Printed name and title*

Affidavit submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me telephonically pursuant to Fed. R. Crim. P. 4.1 and 4 (d) on May 17, 2022.

*Judge's signature*

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State:  Rochester, New York

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA                    22-MJ- 4059

v.

JOHNMICHAEL SANTIAGO,

                Defendant

STATE OF NEW YORK  )
COUNTY OF MONROE   ) SS:
CITY OF ROCHESTER  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, **SETH A. CARR**, being duly sworn, depose and state that:

### INTRODUCTION

1. I am a Task Force Officer with the Federal Bureau of Investigation (FBI), and I am assigned to the Rochester, New York Resident Agency. I have been assigned as a Task Force Officer with the FBI since July 2019. I have been employed by the Rochester Police Department for over 22 years and assigned as an Investigator for over 12 years. As part of my professional experience, I have participated in state and federal investigations involving, but not limited to, homicide, bank robbery, Hobbs Act violations, felony fugitives, and illegal drug trafficking. I further state that I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. This affidavit is submitted in support of a criminal complaint and arrest warrant against JOHNMICHAEL SANTIAGO (hereinafter, "SANTIAGO") for civil disorder, in violation of 18 U.S.C. § 231(a)(3). As set forth below, there is probable cause to believe that SANTIAGO did intentionally ignite commercial grade fireworks and throw them toward uniformed City of Rochester Police Officers (RPD) for the intended purpose of obstructing, impeding, and interfering in a violent manner with such law enforcement officers; that he did so knowingly; and that he did so during a civil disorder that obstructed, delayed and adversely affected interstate commerce.

3. The assertions made herein are based solely upon my personal knowledge or upon information I have received from other law enforcement agents who are involved in this investigation. Further, I have had discussions with officers involved in this investigation who have confirmed the accuracy of the information contained within this affidavit. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe the defendant committed the above-mentioned offense.

## APPLICABLE LAW

4. Section 231(a)(3) provides, in pertinent part, that "whoever commits or attempts to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce . . . shall be fined under this title or imprisoned not more than five years or both." "The term 'civil

disorder' means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). "The term 'law enforcement officer' means any officer or employee of . . . any State [or] any political subdivision of a State . . . while engaged in the enforcement or prosecution of any of the criminal laws of . . . a State [or] any political subdivision of a State." 18 U.S.C. § 232(7).

## PROBABLE CAUSE

5. On or about September 2, 2020, it was publicly revealed that Daniel Prude died on March 30, 2020, one week after an encounter with RPD police officers. In the wake of that public disclosure, there were two nights of violent protests in the City of Rochester that have resulted in property damage and physical injury to several RPD police officers. During the protests on September 4, 2020, a group of protesters damaged property and turned over tables at two restaurants in the City of Rochester, causing numerous patrons to leave. In connection with the protests on September 5, 2020, law enforcement shut down Exit 14 on Interstate 490 in the City of Rochester, which is the exit for Broad Street and Plymouth Avenue near RPD headquarters, for approximately eight hours and the State Street exit on the Inner Loop in the City of Rochester for approximately an hour.

6. During the evening of September 5, 2020, a group of approximately 1,500 protesters gathered near RPD headquarters, which is located at 185 Exchange Boulevard in the City of Rochester. Once the group arrived, they gathered at the intersection of Broad Street and Exchange Boulevard (which is located a block north of RPD headquarters), where they blocked all lanes of traffic on Broad Street and all lanes of traffic on Exchange Boulevard

3

between Broad Street and Main Street. RPD officers manned metal barricades on the south side of the intersection of Broad Street and Exchange Boulevard. The group extended from the intersection of Broad Street and Exchange Boulevard to the intersection of State Street and Main Street. At various times over the course of approximately two hours, some members of the group hurled rocks, bottles, lit fireworks, and other objects at police officers standing on the southern side of the intersection of Broad Street and Exchange Boulevard. Some members of the group also shined flashlights and pointed lasers at the police officers. The group was repeatedly asked by an RPD sound truck to move onto the sidewalks and leave the area or be subject to arrest for Disorderly Conduct for impeding traffic. After RPD repeatedly directed the group to leave the area, several members of the group disregarded those messages, remained in the streets, and continued to block the intersections.

7. Thereafter, RPD declared an unlawful assembly due to several people in the crowd committing criminal activity, which included throwing rocks, bottles, lit fireworks and other objects, as well as pointing lasers, at officers.

8. Shortly after 11:00 p.m., an RPD officer observed an individual whose identity was unknown at the time and who was later identified by law enforcement and is referred herein as CW1 ignite a mortar-style, commercial grade firework and throw it at a line of uniformed RPD officers as they attempted to address the crowd at/near the intersection of State Street and Main Street.[1] The firework detonated in the immediate vicinity of the

---

[1] CW 1 was arrested by the FBI Rochester Area Major Crimes Task Force (RAMCTF) and charged in violation of 18 U.S.C. § 231(a)(3) (civil disorder). CW 1 entered a plea of guilty to violating 18 U.S.C. § 231(a)(3) (civil disorder) and has entered into a cooperation agreement with law enforcement and has agreed to cooperate with the government in exchange for consideration when sentenced. CW 1 is awaiting sentencing.

4

uniformed RPD officers, causing a loud explosion, and creating a risk of serious injury to the officers. The RPD officer further observed CW 1 ignite a second mortar-style, commercial grade firework. CW 1 was then observed handing the ignited mortar to another individual who subsequently threw the ignited firework at the line of uniformed RPD officers as they attempted to address the crowd at/near the intersection of State Street and Main Street. This firework also detonated in the immediate vicinity of the uniformed RPD officers, causing a loud explosion, and creating a risk of serious injury to the officers. CW 1 was apprehended and arrested in the area of 4 Commercial Street. At the time of his arrest, the police searched several pouches that were attached to a belt worn by CW 1. Inside one of the pouches, the police recovered two mortar-style, commercial grade fireworks, each of which was three inches long and one inch wide, shaped like a light bulb, and had a fuse protruding from the stem. The second individual observed throwing a mortar-style commercial grade firework at the police line was not identified or detained.

9.  During meetings between CW 1 and law enforcement, the FBI RAMCTF received information regarding the second, unidentified individual who law enforcement believes threw a mortar-style, commercial grade firework at the line of uniformed RPD officers. From the information, FBI RAMCTF learned, in summary, the identity of the individual may be JOHNMICHAEL SANTIAGO, the defendant. Further, law enforcement learned from the information, in summary, that SANTIAGO arrived at the protests on September 5, 2020, in possession of multiple mortar-style, commercial grade fireworks, and sold and/or provided the devices to other protestors.

5

10. On October 14, 2020, FBI Special Agent Steven Forrest and your affiant interviewed SANTIAGO in a parking lot located at 1849 East Ridge Road. The interview happened next to a vehicle in which his girlfriend, a person whose initials are H.E., was seated. During the interview, the defendant said, in sum and substance, that he attended the protests which occurred in Rochester, New York, on September 4 and 5, 2020. He admitted, in summary, that on the night of September 5, 2020, he and H.E. brought fireworks to the protest. During the interview, SANTIAGO showed your affiant and SA Forrest several smaller fireworks, which were located in the trunk of his vehicle, but also advised he brought larger fireworks to the protest, including what he described as "mortars". He also admitted that he brought four mortar-style fireworks to the protest. He admitted, in summary, the fireworks were left over from a Fourth of July party and were not purchased specifically for the purpose of bringing to the protests. SANTIAGO further said, in summary, he provided several fireworks in exchange for approximately $20.00 to a person he did not know while at the protest and provided fireworks without payment to others at the protest. SANTIAGO also said H.E. knew the person to whom he sold the fireworks. During the interview, SANTIAGO provided a clothing description of the individual saying this person was wearing tactical gear and a ballistic vest.[2] SANTIAGO said he saw the person to whom he sold fireworks throwing fireworks at the police. SANTIAGO said neither he nor H.E. threw fireworks at the police.

---

[2] Based upon the description, your affiant believes this person was CW 1 because the description SANTIAGO provided matched that of CW 1.

11. S.A. Forrest and your affiant told SANTIAGO that there was reason to believe he had thrown fireworks at police officers during the September 5 protest and that this information came from other individuals and from video imagery. Furthermore, S.A. Forrest told SANTIAGO that he believed SANTIAGO had been truthful for the most part but that he was not being truthful about having thrown fireworks. SANTIAGO excused himself from the conversation for a moment, went to the passenger's side of the vehicle and asked H.E. to exit.

12. H.E. joined the interview and said she attended the protests with SANTIAGO. H.E. said, in summary, that a person named "Dallas" requested to purchase some fireworks from her for use at the protests. H.E. said she believed Dallas' last name might be JENKINS. H.E. said, in summary, that she has not communicated with Dallas since the protests and showed your affiant several text messages she exchanged with Dallas in which Dallas asked to obtain fireworks from H.E. During the interview, H.E. forwarded these text messages to SANTIAGO who then forwarded these text messages to S.A. Forrest.

13. During the interview, SANTIAGO also said, in summary, he wanted to be completely truthful and that he had thrown a mortar-style firework at police officers. SANTIAGO said Dallas lit the firework and then SANTIAGO threw it. SANTIAGO also said he was "young and dumb" and was caught in the moment after being hit in the face with a pepper ball shot by the police. SANTIAGO was apologetic for what he had done and said he was not motivated to attend the protests out of animosity towards the police. Rather, he

said he attended the protests to support H.E. H.E. denied throwing fireworks at the police when asked and SANTIAGO agreed with this.

## CONCLUSION

14. Based on the foregoing, there is probable cause to believe that, on September 5, 2020, JOHNMICHAEL SANTIAGO knowingly and intentionally obstructed, impeded, and interfered – and attempted to obstruct, impede, and interfere – with law enforcement officers who were engaged in the lawful performance of their official duties when JOHNMICHAEL SANTIAGO threw a lit mortar-style, commercial firework toward uniformed RPD officers; and that these actions occurred during a civil disorder that obstructed, delayed and adversely affected interstate commerce, in violation of 18 U.S.C. § 231(a)(3).

_____
SETH A. CARR
Task Force Officer
Federal Bureau of Investigation

Affidavit and Criminal Complaint submitted electronically by e-mail in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on May 17, 2022.

_____
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge